MEMORANDUM DECISION AND JUDGMENT ENTRY.
Defendant-appellee, Michael Zander, was charged with escape pursuant to R.C. 2921.34(A). The state alleged that on August 28, 1998, Zander failed to report to his parole officer as required by the conditions of his parole on a previous conviction for aggravated vehicular assault. Zander filed a motion to dismiss in which he argued that because had been released on parole, he could not be convicted of escape. The trial court, relying on this court's decision in State v. Schultz (Aug. 7, 1998), Hamilton App. No. C-970954, unreported, appeal allowed (1998), 84 Ohio St.3d 1437,702 N.E.2d 1214, granted the motion. The state filed a timely appeal from that decision. We have sua sponte removed this case from the accelerated calendar and placed it on the regular calendar.
In its sole assignment of error, the state contends that the trial court erred in granting Zander's motion to dismiss. InSchultz, we held that a person released on parole could not be convicted of escape when the offense occurred between October 4, 71996, and March 17, 1998. See State v. Akemon (Feb. 26, 1999), Hamilton App. No. C-980333, unreported, appeal allowed (1999),84 Ohio St.3d 1419, 711 N.E.2d 1012; State v. Poole (Nov. 20, 1998), Hamilton App. No. C-980072, unreported; State v. Jeffers (Sept. 11, 1998), Hamilton App. No. C-980150, unreported, appeal allowed (1999), 84 Ohio St.3d 1487, 705 N.E.2d 367. Since the offense in this case occurred after March 17, 1998, Zander can properly be convicted of escape. See State v. Trollinger (________, 1999), Hamilton App. No. C-980824, unreported. Accordingly, we hold that the trial court erred in granting Zander's motion to dismiss. We sustain the state's assignment of error, reverse the decision of the trial court, and remand the case for further proceedings.
And the Court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further Ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.
Judgment reversed and cause remanded.
Doan, P.J., Gorman and Painter, JJ.
 To the Clerk:
Enter upon the Journal of the Court on August 27, 1999 per order of the Court _______________________________. Presiding Judge